IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

YORAM RAZ                                                           PLAINTIFF

     v.        Civil No. 02-5184

ROBERT MUELLER, FBI DIRECTOR                                        DEFENDANT

     and

YORAM RAZ                                                           PLAINTIFF

     v.

UNITED STATES                                                       DEFENDANT

## O R D E R

Now on this 2nd day of September, 2005, comes on for consideration **Plaintiff's Rule 59(a) Motion To Reconvene Trial Showing Inadequate Opportunity To Present Case** (document #229).

1. In his motion, plaintiff Yoram Raz ("Raz") asks the Court to reconvene the trial of this case for two additional trial days.

Raz contends that, if such a reconvening be allowed, he would put into evidence and show to the Court "video clips," and present testimony about those video clips which he believes to be necessary to a clear understanding of them.

Raz contends that he was "crippled," "hampered," "confused," and "rushed" in his trial presentation by the Court's "decisive plan to limit the length of the Trial to four (4) days." He claims that, had he been given sufficient time, he would have presented "a very shocking and tormented account of outrageous and illegal FBI offenses against Plaintiff."

2. The Court notes that, before the trial was convened, it ruled that it would keep the record open after the trial for one specific purpose only -- to allow defendants time to respond to a discovery matter and, depending upon the Court's ruling on that matter, for receipt of specific evidence relating thereto. Inherent in that ruling -- and clearly understood by Raz before trial -- was the notion that Raz should go forward with his entire case during the trial.

3. During the trial, Raz had full and adequate opportunity to present his case. He finished his presentation and announced to the Court that he rested his case, whereupon the defendants proceeded with their case. When defendants rested, Raz was given a chance to present rebuttal, and he did so by once again testifying in his own behalf.

After both sides announced that they had rested, the Court took the matter under advisement, so that it could determine in due course if any additional proof would be permitted by reason of its ruling on the outstanding discovery issue and so that it could consider the evidence which had been placed before it at trial in light of the applicable law. Never, at any time, was it suggested to Raz that if, on reflection, he later determined that he should present more evidence, he would be allowed to do so. To permit such a procedure in this -- or any other case -- would turn trial procedure on its head, and the Court declines to do so. Raz has been fairly heard and there is no reasonable basis to allow him to

reopen his proof.

4. The foregoing having been said, the Court also observes that it would not be persuaded by Raz's claims in this motion even if it were otherwise proper, for the following reasons:

(a) The video clips shown by Raz at trial were not probative of any misconduct (or indeed, of any conduct at all) on the part of the FBI. Accordingly, if Raz's claims in this motion are to be given credence, the Court would have to conclude that -- during the three days[1] Raz spent presenting his case -- he chose to show only video clips which did *not* reveal any FBI activity whatsoever while then also choosing, for some reason, to hold back and not then present those video clips he now asserts *do* reflect "clearly outrageous and shocking" FBI conduct. There is no basis for the Court to so conclude.

(b) The video clips not shown at trial, which Raz now says he desires to show, do not appear to be probative of any conduct on the part of the FBI. Raz placed four DVDs of video clips into evidence, and submitted along with those DVDs a document entitled "DVD of Surveillance and Incidents," which was marked as Court's Exhibit #1. This document is a list of the video clips on the DVDs. Raz designated (by circling them with a yellow highlighter) the video clips that he wanted to have considered as evidence (some of which were shown during trial). The circled entries do not suggest that

---

[1] While the second trial day did not convene until after noon, this was because Raz requested a shortened day, not because the Court imposed it upon him.

the video clips would be probative of any misconduct on the part of the FBI. They are as follows:

* 11) February 22, 2004; 18:21; driving from home to the Post Office in Gentry; A gentry police car turns around, follows me and tries to catch me on speeding.

* 12) February 24, 2004; 14:04; A white unmarked car (three last digits 'ATY') came to examine me as I was resting on the side of the street in my car on Arkansas Highway 59 South, between Siloam Springs and Van-Buren; it is seen hiding on the right side at 14:21:41.

* 13) February 24, 2004; 14:17; Same incident as previous one but from Diagonal camera 5 (with noise).

* 14) February 24, 2004; 21:28; Judy Killian of Shreveport, Louisiana (a woman Raz dated that was converted into being an undercover agent to spy against him) arrives at the Wal-Mart store on West 70th Street in Shreveport, Louisiana for a <u>Pseudo Chance Encounter</u> (PSE). (Raz is on his way from North-West Arkansas to central Louisiana).

* 17) March 14, 2004; 12:11; Sheriff Deputy M. Lyons (Washington County, Arkansas) arrives to check on me while I am resting in my car on the shoulder of Arkansas Highway 59 south, then follows me and tries to catch me on speeding.

* 18) Same incident as previous one - view from Diagonal camera #5.

* 33) August 6, 2004; 21:00; SSPD Officers Scott Miller and Bryan Austin stop me at the Wal-Mart Parking Lot in Siloam Springs based on request of a Surveillance team that followed me from Gentry. View from diagonal cameras.

* 38) August 11, 2004; 22:35; Experiment: I parked about three (3) miles north of Gentry on a gravel road off Highway 59; a Sheriff Deputy was dispatched to intercept me and read my license plate to the dispatcher - while following me home.

* 42) August 25, 2004; 18:47; Scenes of stalking by Fayetteville Police as I return from examining a Travel Trailer in Pettigrew, Arkansas (south-east of Fayetteville). Majority is on end of DVD-3, but a small part continues on dvd-4.

* 43) August 25, 2004; 18-47; A small continuation scene from stalking by Fayetteville Police as I return from examining a Travel Trailer in Pettigrew, Arkansas (south-east of Fayetteville). Majority is on end of DVD-3 (Scene 42), but a small part continues on dvd-4.

* 50) September 29, 2004; 11:12; A Gentry, Arkansas police car follows me from the Shook's car dealership to the southern outskirts of town and tries to catch me on speeding. X cameras.

* 59) April 15, 2005; 16:39 (yoyo time); the Bohemian with the white beard sat next to me at University of Arkansas' main library (suspected as an undercover agent).

Not one of these scenes – even according to Raz's own index - involves the FBI. Nor did his trial testimony about the scenes the Court viewed during the trial link anything on a video clip to the FBI.

The remaining scenes on Court's Exhibit #1 (those not highlighted for Court scrutiny by Raz) likewise carry no suggestion that they would prove any conduct on the part of the FBI. Like the highlighted ones, the only specific references in the un-highlighted video clips are to police cars from various communities. The remaining references are to vague entities such as "the undercover woman agent," "a stubby man in black cloths," "a big man that I have seen before," "a young black man, wearing an undershirt." There is no reference to the FBI in the description of any video

-5-

clip.

(c) Raz testified at trial that he often did not know who was following him or watching him, and that his belief that various people were associated with the FBI is based in large part on the appearance of the people he suspects (such as a "marine haircut") and on their conduct (such as shopping in a store without a buggy and making no purchases).

5. As can be seen from the preceding, what Raz wants to show the Court is video clips of people he suspects of being FBI agents, carrying out what he believes is surveillance of him. This is not evidence, it is merely speculation and not admissible to prove Raz's case. Thus the Court is not persuaded that even if Raz had not felt "crippled," "hampered," "confused," or "rushed" in his trial presentation, he would have been able to offer probative evidence from the video clips he wants to show the Court.

For all the foregoing reasons, the Court finds that the pending motions should be denied.

**IT IS THEREFORE ORDERED** that **Plaintiff's Rule 59(a) Motion To Reconvene Trial Showing Inadequate Opportunity To Present Case** (document #229) is **denied.**

**IT IS SO ORDERED.**

                                                            /s/ Jimm Larry Hendren
                                                          **JIMM LARRY HENDREN**
                                                          **UNITED STATES DISTRICT JUDGE**