**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**YORAM RAZ**                                                          **PLAINTIFF**

      v.            Civil No. 02-5184

**ROBERT MUELLER, FBI DIRECTOR**                            **DEFENDANT**

      and

**YORAM RAZ**                                                          **PLAINTIFF**

      v.

**UNITED STATES**                                                      **DEFENDANT**

### O R D E R

Now on this 2nd day of September, 2005, comes on for consideration plaintiff's **Urgent Motion To Reconsider Rule 50(a) Dismissal** (document #218), in which plaintiff Yoram Raz ("Raz") asks the Court to reconsider its ruling, made at the close of Raz's case in chief, to grant defendants' motion for judgment as a matter of law on Raz's claim of intentional infliction of emotional distress.

1. In support of his motion, Raz makes the following three arguments:

\*   that the Court's ruling is inconsistent with its decision to hold the record open for disposition of a pending Motion To Compel;

\*   that "[t]he very length of the Surveillance . . . for a total of sixteen (16) years does, in itself, indicate outrageous tort that cannot be tolerated in a democratic civilized society";

and

* that the Court rushed him to conclude his case without allowing him time to present his video evidence.

The Court finds no merit in any of the arguments. However, they will be discussed in turn.

2. First, the record in this matter was held open for the limited purpose of resolving a particular discovery issue -- which has now been resolved unfavorably to plaintiff. Other than for this limited purpose, there was never any suggestion or indication that the trial might be reconvened at a later date so that any party could supplement his or its presentation with proof not presented at trial.

Moreover, even if the outstanding discovery issue had been resolved in Raz's favor (i.e., even if Raz had been permitted to learn whether he has ever been listed on the terrorism watch list), and that information had been added to and considered with the evidence Raz presented at trial, the totality of the two still would not be sufficient to support a verdict in his favor on the tort of intentional infliction of emotional distress. As explained in the Court's Memorandum Opinion filed this date, the Court finds no evidence of misconduct towards Raz on the part of the FBI.

3. Second, the length of the "surveillance" is irrelevant, given the Court's view of the evidence as explained in its

Memorandum Opinion. In order to prove his claim for intentional infliction of emotional distress, Raz would have to show, not only that the FBI willfully and wantonly engaged in conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society," **AMI Civil 2005, 401**, but also that the FBI was motivated by an intent to violate his First Amendment rights. He has failed to prove either of these elements.

4. Third, the Court did not prevent Raz from introducing whatever video evidence he chose to offer. At trial, Raz put into evidence four videotapes containing what he refers to as "video clips." None of the video clips that were shown at trial showed the FBI doing anything. The video clips not shown at trial, judging from Raz's own index to those clips, likewise do not show the FBI doing anything. See the Court's analysis of this issue in its Order disposing of Plaintiff's Rule 59(a) Motion To Reconvene Trial Showing Inadequate Opportunity To Present Case, filed this date. Under those circumstances, even if the Court had prevented Raz from introducing video evidence, that would not change the ruling on the intentional infliction of distress claim.

For the foregoing reasons, the Court finds that this motion should be denied.

**IT IS THEREFORE ORDERED** that plaintiff's **Urgent Motion To**

**Reconsider Rule 50(a) Dismissal** (document #218) is **denied.**

**IT IS SO ORDERED.**

                                              /s/ Jimm Larry Hendren
                                              **JIMM LARRY HENDREN**
                                              **UNITED STATES DISTRICT JUDGE**